UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARI-LYNN HOFFMAN and MARK ROBERT HOFFMAN,

                Plaintiff,                      **COMPLAINT**

    -against-                          Docket No.

THE UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------------X

**07 CIV 10714 BRIEANT**

      Plaintiffs, by their attorneys, WORBY GRONER EDELMAN LLP, complaining of the Defendant, alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    That this action arises under the Federal Tort Claims Act, 28 USC Section 2671 et. seq. and this Court has jurisdiction under the provisions of 28 USC 1346(b).

    2.    That on or about January 31, 2007, and within two years of the date of accrual of this alleged cause of action, Plaintiff served upon the Defendant a claim utilizing Standard Form 95. A copy of that form, without the attached exhibits, is marked **Exhibit A**

    3.    That in response to a request from the Defendant The United States of America, on or about June 14, 2007, and within two years of the date of accrual of this alleged cause of action, Plaintiff served upon the Defendant additional documentation as part of the Claim. A copy of the cover letter, without attached exhibits, is marked **Exhibit B**.

    4.    The claim as referred to above was made within two years of the date of the incident complained of in this action.

    5.    On July 3, 2007, the Defendant THE UNITED STATES OF AMERICA issued a

"Denial of Claim" letter. A copy of that letter is marked **Exhibit C**.

6. This action has been filed and commenced within six (6) months of the day of the above mentioned "Denial of Claim" letter.

7. All conditions precedent to the filing of this claim have now been satisfied.

8. At all times mentioned, the Plaintiff has resided at 1087 Avocet Road, Delray Beach, FL 33444.

9. Upon information and belief, and at all times mentioned, the Department of the Interior was an agency of Defendant THE UNITED STATES OF AMERICA.

10. That on December 21, 2005 and at all times hereinafter mentioned, there existed premises located on U.S. 9, also known as New York-Albany Post Road, in Hyde Park Dutchess County, New York, known as the Home of Franklin D. Roosevelt National Historic Site (hereinafter referred to as the premises).

11. That on December 21, 2005, Defendant THE UNITED STATES OF AMERICA owned the premises.

12. The claim arose on December 21, 2005, at approximately 10:15AM, on the grounds of the premises.

13. On December 21, 2005, and at all times mentioned, Defendant THE UNITED STATES OF AMERICA, by its agents, servants, and/or employees maintained the premises.

14. On December 21, 2005 and at all times herein mentioned, Defendant THE UNITED STATES OF AMERICA, by it agents, servants, and/or employees operated the premises.

15. On December 21, 2005, and at all times herein mentioned, Defendant THE

UNITED STATES OF AMERICA, agents, servants, and/or employees controlled the premises.

16. On December 21, 2005, and at all times herein mentioned, Defendant THE UNITED STATES OF AMERICA, agents, servants, and/or employees managed the premises.

17. On December 21, 2005, and at all times herein mentioned, Defendant THE UNITED STATES OF AMERICA, agents, servants, and/or employees supervised the premises.

18. On December 21, 2005, it was the duty of Defendant THE UNITED STATES OF AMERICA to maintain, control, supervise and operate the premises in a reasonably safe condition.

19. On December 21, 2005, Defendant THE UNITED STATES OF AMERICA failed to maintain, control, supervise and operate the premises.

20. On December 21, 2005, Plaintiff MARI-LYNN HOFFMAN was walking on the grounds of the FDR House.

21. On December 21, 2005, while Plaintiff was walking at the aforementioned location, she was caused to trip and/or slip and fall as a result of a dangerous, icy condition on one of the pathways. A picture attached to the Form 95 referred to above and marked Exhibit A to that form indicates the general area where the Claimant was walking at the time of the accident, and the specific area where the Claimant fell.

22. The Defendant THE UNITED STATES OF AMERICA, by its agents, servants, employees and/or licensees was negligent, reckless, careless, willful, wanton and grossly negligent in the ownership, operation, management, maintenance and control of the premises, in that the Defendant knew or should have known of the dangerous condition, and

failed to take reasonable steps to protect the safety of persons on the property; in causing, allowing and permitting the premises to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at the location; in failing to maintain the premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at the location; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to plaintiff; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in a dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of the condition; in failing to take reasonable steps to prevent Plaintiff's accident; in negligently, recklessly and carelessly causing and permitting the area at the site to be and remain in a dangerous condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons at the site; and in being otherwise negligent, reckless and careless.

23. That this occurrence was caused wholly and solely by reason of the negligence of the Defendant THE UNITED STATES OF AMERICA without any fault or negligence on the part of the Plaintiff contributing to the incident.

24. That as a result of this incident, Plaintiff MARI-LYNN HOFFMAN was injured.

25. That by reason of the foregoing, Plaintiff, MARI-LYNN HOFFMAN sustained severe and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to her nervous system; suffered mental anguish, was confined to bed and home and may, in the future, be so confined; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and

Plaintiff, MARI-LYNN HOFFMAN, was otherwise damaged.

26. That by reason of the foregoing, Plaintiff MARI-LYNN HOFFMAN has been damaged in an amount not to exceed the sum of THREE MILLION ($3,000,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiffs repeat, reiterate and reallege each every allegation in the Complaint, in Paragraphs numbers 1-26, as if such paragraphs were plead at length in this Paragraph.

28. Plaintiff MARK ROBERT HOFFMAN was and still is the lawfully wedded spouse of Plaintiff MARI-LYNN HOFFMAN.

29. As a result of the above acts of negligence, Plaintiff MARK ROBERT HOFFMAN has been deprived of the service, society and consortium of Plaintiff MARI-LYNN HOFFMAN, all to his expense and detriment.

30. As such, Plaintiff MARK ROBERT HOFFMAN has suffered damages in the sum of FIVE HUNDRED THOUSAND and 00/100 ($500,000.00) DOLLARS.

WHEREFORE, Plaintiff MARI-LYNN HOFFMAN demands judgment against the Defendant on the First Cause of Action in an amount not to exceed the sum of THREE MILLION and 00/100 ($3,000,000) DOLLARS, and Plaintiff MARK ROBERT HOFFMAN demands judgment against the Defendant on the Second Cause of Action in an amount not to exceed the sum of FIVE HUNDRED THOUSAND and 00/100 ($500,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated:   White Plains, New York
         October 30, 2007

                                    Yours, etc.,

                                    WORBY GRONER EDELMAN, LLP

                                    By: Michael L. Taub (MLT 3656)
                                    Attorneys for Plaintiffs
                                    11 Martine Avenue, Penthouse
                                    White Plains, New York  10606
                                    (914) 686-3700

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>Department of the Interior<br>National Park Service<br>National Park Service Northeast Regional Office | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Mari-Lynn Hoffman and Mark Robert Hoffman<br>1087 Avocet Road<br>Delray Beach, Florida   33444 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>10/12/49 | 5. MARITAL STATUS<br>married | 6. DATE AND DAY OF ACCIDENT<br>Wednesday, December 21, 2005 | 7. TIME (A.M. or P.M.)<br>10:15 AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) The Claimant Mari-Lynn Hoffman was a participant in a tourist group called "Holidays in the Hudson Valley", sponsored by "Maupintour, LLC." On December 21, 2005 at approximately 10:15AM of that day, the Claimant was present at the FDR House in Hyde Park, New York. The accident occurred as the Claimant was walking from the Carriage House to the FDR Museum. There was a path located off of an asphalt roadway, which other visitors to the area had used, and which the Claimant used. The Claimant was caused to slip and fall as a result of a snow and ice condition on that walking path at the premises. The area of the accident is depicted in the picture marked **Exhibit A**.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
Not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. As a result of the incident, Claimant Mari-Lynn Hoffman sustained serious personal injuries, including but not limited to a tri-malleolar fracture of the right ankle with surgery and insertion of pins, plates and screws. The Claimant Mark Robert Hoffman suffered a loss of services, society and consortium of the injured Claimant, his spouse, Mari-Lynn Hoffman.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Patti Bowen | 4954 Boxwood Way, Naples, Florida   34116 |
| Taylor Caple | 4954 Boxwood Way, Naples, Florida   34116 |
| Kathy Geller | c/o Maupintour, LLC, 2688 S. Rainbow Blvd, Las Vegas, Nevada 89146 |

12. (See instructions on reverse)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>Mari-Lynn: $3,000,000<br>Mark Robert: $500,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$3,500,000.0000 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Mari-Lynn Hoffman   Mark Robert Hoffman* | 13b. Phone number of signatory<br>561-272-1324 | 14. DATE OF CLAIM<br>1-27-07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.   NSN 7540-00-634-4046   STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080
WWW.WGELAW.COM

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

PAUL J. CAMPSON+
PADRAIC DONALL LEE
SAM ROSMARIN
JOEL B. SAVIT
*OF COUNSEL*

ADMITTED
*NY & NJ
+NY, NJ & DC

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-5291

June 14, 2007

United States Department of the Interior
Office of the Solicitor
One Gateway Center—Suite 612
Newton, MA 02451-2881
Attn: Anthony R. Conte, Esq., Regional Solicitor

Re: Marilyn Hoffman Federal Tort Claims Act

Dear Mr. Conte:

I have your letter of February 6, 2007; a copy is enclosed for your easy reference.

While I do not agree with the legal conclusions set forth in your letter, nevertheless, I am enclosing the following documents:

1. I am enclosing a copy of the Retainer Agreement signed by our client. Please be advised that the fee percentage for which we were retained is the standard New York contingency fee. Obviously, to the extent that the Retainer is not in compliance with Federal regulations or statutes that govern the payment of contingency fees in FTCA cases, those percentages will govern.

2. The following medical records are all the medical documentation that we currently have for this Claimant. Please be advised that she is still treating to this day.

    A. St. Francis Hospital—Bill for admission of December 21, 2005 to December 23, 2005. We are not yet in receipt of the actual medical records, but will supply same upon our receipt.

    B. Discharge forms from St. Francis Hospital.

    C. Records from Orthopedic Associates of Dutchess County—these records contain the History and Physical from St. Francis Hospital,



# United States Department of the Interior

OFFICE OF THE SOLICITOR
One Gateway Center–Suite 612
Newton, MA 02458-2881

TEL: (617) 527-3400
FAX: (617) 527-6848

July 3, 2007

07-44
Certified Mail RRR
No. 7006 0100 0001 8463 5755

Michael L. Taub, Esq.
Worby Groner Edelman, LLP
11 Martine Avenue Penthouse
White Plains, NY 10606

Dear Mr. Taub:

The claim for personal injury amount of $3,500,000.00 filed on behalf of Mari-Lynn Hoffman and Mark Robert was referred to this office for an administrative determination pursuant to 28 U.S.C. § 2672. According to the said claim, on December 21, 2005 while participating in a commercial tour at the Home of FDR your client slipped and fell on a path off of an asphalt roadway "as a result of a snow and ice condition." However, the "path" where your client fell was not a National Park Service (NPS) pathway but rather a snow covered gravel/dirt area which was not designated a designated path. In fact, your client told a security guard that she was taking a "short cut" when she slipped on the snow covered gravel ignoring the nearby asphalt pathway which was totally clear of all snow and ice.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, is a waiver of sovereign immunity which limits the liability of the United States in tort to personal injuries or property damage "caused by the negligent or wrongful act or omission of any employee of the [Federal] agency while acting within the scope of his office or employment." Hence, there is no liability without fault, **Laird v. Nelms**, 406 U.S. 797 (1972). The law of the state where the claim arose, here New York, is applied to determine such liability. 28 U.S.C. § 1346(b). Under New York law, the United States as a landowner is not an insurer of the safety of those who come upon its property. **Barnaby v. Rice**, 428 N.Y.S. 973, aff'd 439 N.Y.S.2d 354, 53 N.Y.2d 720 (1980). The burden of proof is on the claimant to prove negligence which may not be inferred from the fact that an accident has occurred. **Quam v. Mobil Oil Corp.**, 496 F.Supp. 986 (S.D.N.Y. 1978) aff'd 599 F.2d 42 (2d Cir. 1978). In this case there is no evidence of negligence on the part of the NPS since snow had been removed from the designated pathway, and there is no duty to remove snow from every part of part of a landowner's property.

Accordingly, I must deny the said claim. If you wish to contest this determination, you may resubmit said claim to this office within a period of six months from the date of the mailing of this letter with a request that it be reconsidered. Such a request for reconsideration must set forth fully the basis thereof. Alternatively, you may consider this letter as a final determination of the Department of the Interior and may file suit in the appropriate United States District Court within six months of the mailing of this letter. This letter was mailed on the date shown above.

Very truly yours,

Anthony R. Conte
Regional Solicitor

cc: Chief Ranger Home of FDR NHS