MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: BRIAN M. FELDMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2777
Facsimile No. (212) 637-2717
Brian.Feldman@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARI-LYNN HOFFMAN and MARK ROBERT HOFFMAN,

            Plaintiffs,

    -against-

THE UNITED STATES OF AMERICA,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER**

07 Civ. 10714 (CLB)

ECF Case

        Defendant, the United States of America (the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint on information and belief as follows:

    1.    The Government neither admits nor denies the allegations in paragraph 1 because they are statements of jurisdiction to which no response is required.

    2.    The Government neither admits nor denies the allegations in paragraph 2 because they state legal conclusions to which no response is required. To the extent that a response is required, the Government denies the allegations, except admits that,

by letter dated January 31, 2007, plaintiffs Mari-Lynn Hoffman and Mark Robert Hoffman (collectively, "Plaintiffs") submitted a Standard Form 95 (the "Administrative Tort Claim") to the Department of Interior and National Park Service (the "NPS"). The Government respectfully refers the Court to that letter for a true and complete statement of its contents.

3. The Government neither admits nor denies the allegations in paragraph 3 because they state legal conclusions to which no response is required. To the extent that a response is required, the Government denies the allegations, except admits that, by letter dated February 6, 2007, the Government corresponded with Plaintiffs, and that Plaintiffs responded by letter dated June 14, 2007. The Government respectfully refers the Court to those letters for a true and complete statement of their contents.

4. The Government neither admits nor denies the allegations in paragraph 4 because they state legal conclusions to which no response is required.

5. The Government denies the allegations in paragraph 5, except admits that, by letter dated July 3, 2007, the Government denied the Administrative Tort Claim. The Government respectfully refers the Court to that letter for a true and complete statement of its contents.

6. The Government denies the allegations in paragraph 6, except admits that the Complaint in this action is stamped November 3, 2007, which is within six months of July 3, 2007. The Government respectfully refers the Court to this Court's docket for a true and complete account of the filing of this action.

7. The Government neither admits nor denies the allegations in paragraph 7 becuase they state legal conclusions to which no response is required. To the extent a response is required, the Government denies the allegations.

8. The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. The Government admits the allegations in paragraph 9.

10. The Government admits the allegations in paragraph 10.

11. The Government admits the allegations in paragraph 11.

12. The Government neither admits nor denies the allegations in paragraph 12 because they state legal conclusions to which no response is required. To the extent a response is required, the Government denies the allegations.

13. The Government denies the allegations in paragraph 13 because the term "maintained" is vague and/or ambiguous.

14. The Government denies the allegations in paragraph 14 because the term "operated" is vague and/or ambiguous.

15. The Government denies the allegations in paragraph 15 because the term "controlled" is vague and/or ambiguous.

16. The Government denies the allegations in paragraph 16 because the term "managed" is vague and/or ambiguous.

17. The Government denies the allegations in paragraph 17 because the term "supervised" is vague and/or ambiguous.

18. The Government neither admits nor denies the allegations in paragraph 18

because they state legal conclusions to which no response is required. To the extent a response is required, the Government denies the allegations.

19. The Government neither admits nor denies the allegations in paragraph 19 because they state legal conclusions to which no response is required. To the extent a response is required, the Government denies the allegations.

20. The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. The Government denies the allegations in paragraph 21, except the Government denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Mari-Lynn Hoffman slipped or fell in a particular area on December 21, 2005.

22. The Government denies the allegations in paragraph 22.

23. The Government denies the allegations in paragraph 23.

24. The Government denies the allegations in paragraph 24; except the Government denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Mari-Lynn Hoffman was injured.

25. The Government denies the allegations in paragraph 25.

26. The Government denies the allegations in paragraph 26.

27. The Government repeats and realleges its responses to the allegations in paragraphs 1 through 26 as though fully set forth in this paragraph.

28. The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. The Government denies the allegations in paragraph 29.

30. The Government denies the allegations in paragraph 30.

31. The last unnumbered paragraph in the complaint beginning "Wherefore" contains Plaintiffs' prayer for relief to which no response is required.

## DEFENSES

### FIRST DEFENSE

Neither the Government nor any of its agents or employees were negligent in any manner nor violated any duty of care in regard to this matter.

### SECOND DEFENSE

Neither the Government nor any of its agents or employees had actual or constructive notice of the matters alleged in the complaint.

### THIRD DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of the Government or any agent or employee of the Government.

### FOURTH DEFENSE

The injuries and damages alleged in the complaint were caused in whole or in part by the culpable conduct by others, known or unknown, over whom the Government exercised no control, and any recovery must be proportionately reduced.

### FIFTH DEFENSE

Plaintiff Mari-Lynn Hoffman was guilty of culpable conduct in total diminution of Plaintiffs' claims for damages.

SIXTH DEFENSE

Any and all risks, hazards, defects, and/or dangers alleged were of an open, obvious, and apparent nature and were or should have been known to Plaintiff Mari-Lynn Hoffman.

SEVENTH DEFENSE

Plaintiff Mari-Lynn Hoffman had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint. The injuries alleged in the complaint were caused by and arose out of such risks.

EIGHTH DEFENSE

In the event that the Government is found to be negligent, which negligence it denies, Plaintiff Mari-Lynn Hoffman's own negligence contributed to causing the alleged damages and any recovery must be proportionately reduced.

NINTH DEFENSE

Plaintiffs' recovery in this action, if any, is limited to the amounts of the claim that Plaintiffs presented administratively. 28 U.S.C. § 2675.

TENTH DEFENSE

Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. C.P.L.R. § 4545(c).

ELEVENTH DEFENSE

Plaintiffs' recovery, if any, is limited by N.Y. C.P.L.R. § 1601(1).

## TWELFTH DEFENSE

Plaintiffs may not recover costs in excess of those permitted by 28 U.S.C. § 2412 and, to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

## THIRTEENTH DEFENSE

The United States is not liable for interest prior to judgment or for punitive or special damages. 28 U.S.C. § 2674.

## FOURTEENTH DEFENSE

This Court lacks subject matter jurisidction over all, or some, of Plaintiffs' claims.

WHEREFORE, the Government demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including its costs and disbursements.

Dated: New York, New York
       February 4, 2008

          MICHAEL J. GARCIA
          United States Attorney for the
          Southern District of New York
          Attorney for Defendant

By:   /s/ Brian M. Feldman
       BRIAN M. FELDMAN
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Telephone No. (212) 637-2777
       Facsimile No. (212) 637-2717
       Brian.Feldman@usdoj.gov

To:    WORBY GRONER EDELMAN LLP
Attorneys for Plaintiffs
11 Martine Avenue, Penthouse
White Plains, New York 10606