UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARI-LYNN HOFFMAN and MARK ROBERT        07 Civ. 10714 (CLB)
HOFFMAN,

                      Plaintiffs,
                                              **ANSWER**

       - against -

MAUPINTOUR, LLC and MAUPINTOUR
HOLDINGS, LLC,

                      Defendants.
------------------------------------X

       Defendants Maupintour, LLC and Maupintour Holdings, LLC ("Maupintour"), by their attorneys, Mound Cotton Wollan & Greengrass, answer Plaintiffs' Amended Complaint as follows, upon information and belief:

### AND AS FOR THE FIRST CAUSE OF ACTION

       1.    Maupintour denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25 and 26 of the Amended Complaint.

       2.    Maupintour admits the allegations contained in Paragraph 10 of the Amended Complaint.

       3.    Maupintour denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, except admits that Plaintiff participated in a tour of the premises on December 21, 2005.

## AND AS FOR THE SECOND CAUSE OF ACTION

4. Answering paragraph 27 of the Amended Complaint, Maupintour repeats and realleges as if fully set forth herein, its responses to the allegations repeated and realleged by plaintiffs.

5. Maupintour denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 28 and 29 of the Amended Complaint, except admits that this Court has jurisdiction over the matter and that venue is proper.

6. Maupintour denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

7. Maupintour admits the allegations contained in Paragraphs 31, 32, 33, 34, 40, 41, 42 and 43 of the Amended Complaint.

8. Maupintour denies the allegations contained in Paragraph 35, 36, 44 and 55 of the Amended Complaint, except admits that it organized the tour in its capacity as a tour operator.

9. Maupintour neither admits nor denies the allegations contained in Paragraphs 37 and 46 of the Amended Complaint, as they seek conclusions of law.

10. Maupintour admits the allegations contained in Paragraph 38, 39, 47, 48 and 49 of the Amended Complaint, except admits that the plaintiff was a participant in the tour at the premises.

11. Maupintour admits the allegations contained in Paragraph 40 of the Amended Complaint.

12. Maupintour admits the allegations contained in Paragraph 41 of the Amended Complaint.

13. Maupintour denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

14. Maupintour denies the allegations contained in Paragraph 51, 52, 53, 54 and 55 of the Amended Complaint.

### AND AS FOR THE THIRD CAUSE OF ACTION

15. Answering paragraph 56 of the Amended Complaint, Maupintour repeats and realleges as if fully set forth herein, its responses to the allegations repeated and realleged by plaintiffs.

16. Maupintour denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint.

17. Maupintour denies the allegations contained in Paragraph 58 and 59 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

### AND AS FOR THE FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint, and each and every count therein, fails to state a cause of action upon which relief may be granted.

### AND AS FOR THE SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources and the defendants are entitled to have the Court consider the same in determining such special damages.

### AND AS FOR THE THIRD AFFIRMATIVE DEFENSE

Plaintiff's own negligence proximately caused the incident and damages alleged in the Amended Complaint.

### AND AS FOR THE FOURTH AFFIRMATIVE DEFENSE

The injuries and damages of Plaintiffs, if any, were caused in whole or in part by the negligent omissions of third parties over whom Maupintour exercised no control and for whose conduct Maupintour is not responsible.

### AND AS FOR THE FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Amended Complaint.

### AND AS FOR THE SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs assumed all risks attendant with their conduct, including, without limitation, the risks assumed while participating in the tour.

### AND AS FOR THE SEVENTH AFFIRMATIVE DEFENSE

Any claims which Plaintiffs may have against Maupintours are barred or, alternatively, must be reduced by virtue of the doctrine of comparative negligence.

### AND AS FOR THE EIGHTH AFFIRMATIVE DEFENSE

Maupintour did not own, operate, manage or control the premises, as defined by Plaintiffs, or the employees at the Premises.

**WHEREFORE**, Defendants Maupintour, LLC and Maupintour Holdings, LLC demand judgment dismissing the Amended Complaint in its entirety, together with attorneys' fees, interests and costs of suit, and such other relief as the court deems just and proper.

Dated: Newark, New Jersey
July 21, 2008

                                    MOUND COTTON WOLLAN
                                    & GREENGRASS


By    /s/ Frank J. DeAngelis
       Frank J. DeAngelis (FD9334)
       Nader A. Abadir (NA1816)
Attorneys for Defendants Maupintour, LLC
and Maupintour Holdings, LLC
60 Park Place
Newark, New Jersey 07102
973-494-0600

TO:

Michael L. Taub, Esq.
Worby Groner Edelman LLP
Attorneys for Plaintiffs
11 Martine Avenue
White Plains, New York 10606

## AFFIDAVIT OF SERVICE

NADER ABADIR, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides at Bergen County, New Jersey.

That on 21st day of July 2008 deponent served the within **ANSWER** upon:

>Michael L. Taub, Esq.
>Worby Groner Edelman LLP
>Attorneys for Plaintiffs
>11 Martine Avenue
>White Plains, New York 10606

the address designated by said attorney for that purpose by depositing the same enclosed in a postpaid properly addressed wrapper directed to said attorney at the above address in an official depository under the exclusive care and custody of the U.S. Postal Service.

_____
Nader Abadir

Sworn to before me this
21st day of July 2008

_____
Notary Public

SUZANNE CAREY
NOTARY PUBLIC, State of New York
No. 31-4770155
Qualified in New York County
Commission Expires February 4, 20 \_\_